IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kyle Zaborac, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.   12 C 5439 |
| ) | |
| MiraMed Revenue Group, LLC, an ) | |
| Illinois limited liability company, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Kyle Zaborac, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection practices violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions were initiated from here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Kyle Zaborac ("Zaborac"), is a citizen of the State of Indiana, from whom Defendant attempted to collect a delinquent consumer debt he allegedly owed for medical services.

4. Defendant, MiraMed Revenue Group, LLC, ("MiraMed"), is an Illinois limited liability company that acts as a debt collector, as defined by § 1692a of the

FDCPA, because it regularly use the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. From its offices in Lombard, Illinois, Defendant MiraMed operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant MiraMed was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant MiraMed is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, MiraMed conducts business in Illinois.

6. Moreover, Defendant MiraMed is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, MiraMed acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. On January 16, 2012, Mr. Zaborac's parents took him to the doctor for treatment of a skin lesion. Because he is a student covered by his parent's insurance, Mr. Zaborac's parents gave the medical provider their insurance information and awaited a bill for any unpaid balance.

8. On April 12, 2012, the Zaborac family was called by the medical provider over an unpaid medical debt related to the treatment Mr. Zaborac had received.

9. On April 14, 2012, Mr. Zaborac's mother, Bonnie, returned the medical provider's call and was told they could not locate any bill and/or that the account showed a balance of zero.

10. On April 30, 2012, Mr. Zaborac, for the first time, received a bill for $106

for the balance due for the medical services at issue, and on May 18, 2012, his mother, Bonnie, paid that bill over the phone.

11. Nonetheless, Mr. Zaborac's account was then turned over to Defendant MiraMed for collection, and called his home and left an automated message on his family's telephone voicemail box on May 25, 2012 – voicemail that his entire family had access to, and listened to the message. This automated message stated:

> This is a message for Kyle A. Zaborac. If you are not Kyle A. Zaborac, please hang up or disconnect. If you are Kyle A. Zaborac, please continue to listen to this message. From this point you should not listen to this message so that other people can hear it, as it contains personal and private information. There will now be a three second pause to allow you to listen to this message in private. By continuing to listen to this message, you acknowledge that you are Kyle A. Zaborac. This is MiraMed Revenue Group. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact Tiffany about a personal business matter concerning reference number 10171839 at 866-910-2605. Thank you.

12. A member of Mr. Zaborac's family heard this entire message, called MiraMed back on May 29, 2012, and were told that it was about the $106 debt for Kyle for the medical services; the family member told MiraMed that the debt had already been paid.

13. That following day, May 30, 2012, MiraMed sent Mr. Zaborac an initial form collection letter. The letter stated that:

> Please be advised that our client has authorized us to report this matter as a collection account to a credit reporting agency. Should we not receive notification of any dispute regarding this debt, or payment, we will report this account to a credit reporting agency on or after sixty (60) days from the date of this letter.

A copy of this letter is attached as Exhibit C.

14. Despite notice on May 29, 2012, that the debt had been paid, MiraMed called Mr. Zaborac's family telephone and left the exact same voicemail message on

3

June 6, 2012 and June 11, 2012, as it had left on May 25, 2012.

15.    All of the collection actions at issue occurred within one year of the date of this Complaint.

16.    Defendant MiraMed's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e And § 1692f Of The FDCPA -- Attempting To Collect A Debt That Is Not Owed

17.    Plaintiff adopts and realleges ¶¶ 1-16.

18.    Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

19.    Defendant MiraMed violated this provision by, including, but not limited to:

    A)    calling and writing to Mr. Zaborac to demand payment of a debt that was no longer owed;

    B)    continuing to call Mr. Zaborac after being told the debt has already been paid; and,

    C)    threatening to make a negative credit report if the debt was not paid when, in fact, it had already been paid and thus MiraMed had no right to do so.

20.    Defendant MiraMed's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15

U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(b) Of The FDCPA --
### Communicating To A Third Party That A consumer Owes A Debt

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(b) of the FDCPA prohibits a debt collector from communicating, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, see, 15 U.S.C. § 1692c(b).

23. Here, the voicemails from Defendant MiraMed told Mr. Zaborac's entire family – his father, mother, and sister -- that he owed a debt and was subject to collection action, in violation of § 1692c(b) of the FDCPA.

24. Defendant MiraMed's violations of § 1692c(b) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Kyle Zaborac, prays that this Court:

1. Find that Defendant MiraMed's debt collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Zaborac, and against Defendant MiraMed for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

5

**JURY DEMAND**

Plaintiff, Kyle Zaborac, demands trial by jury.

                                                                         Kyle Zaborac,

                                                                         By: /s/ Kyle Zaborac
                                                                         One of Plaintiff's Attorneys

Dated: July 10, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com